UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Jerry Jenkins,** | ) |
| | ) |
| **Plaintiff,** | ) Case: 1:23-cv-02018 |
| | ) |
| v. | ) |
| | ) |
| **Central Decal Company, Inc.,** | ) |
| | ) |
| **Defendant.** | ) **Jury Trial Demanded** |
| | ) |

## COMPLAINT

Plaintiff, Jerry Jenkins ("Plaintiff") in support of his Complaint against Central Decal Company, Inc. ("Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"),

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of employment discrimination on basis of race, color, and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff Jerry Jenkins, resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant is a corporation doing business in and for DuPage County whose address is 6901 High Grove Blvd. Burr Ridge, IL 60527.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

11. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under Title VII. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff received a Notice of Right to Sue from the EEOC, and Plaintiff

filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## BACKGROUND FACTS

12. The Defendant Hired the Plaintiff, Jerry Jenkins (African-American) as a Machine Operator on or about January 1, 2014.

13. The Plaintiff was subjected to discrimination and a hostile work environment on the basis of his race.

14. The Defendant has subjected the Plaintiff to Race-based discrimination.

15. Plaintiff is member of a protected class because of his race.

16. Since the beginning of a change in policy, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has discriminated against the Plaintiff because of race.

17. Defendant's reason for terminating the Plaintiff was pre-text; Defendant unlawfully terminated the Plaintiff because of his race.

18. Because of the Defendant's action the Plaintiff suffered the adverse employment action of losing his job.

19. Defendant's performance expectations of Plaintiff were met or exceed during the entire duration Plaintiff's employment.

20. Plaintiff suffered multiple adverse employment actions including, including but not limited to termination of employment.

21. Plaintiff can show that his termination was based solely because of his race.

22. Defendants subjected the Plaintiff to different terms and conditions of employment than others not within Plaintiff's protective class because of his race.

23. The Defendant has subjected Plaintiff to a hostile work environment because of

race.

24. Defendant subjected the Plaintiff to offensive, degrading and humiliating comments by co-workers that referenced Plaintiff's race.

25. The environment of discrimination and humiliation pervaded the entire company.

26. Defendants subjected the Plaintiff to different terms and conditions of employment than others not within Plaintiff's protective class because of his race.

27. Shortly after being hired, the Plaintiff was subjected to racial discrimination by his direct Supervisor, Frank (last name unknown), brother-in-law to the owner of Central Decal Company, Inc. and Supervisor Rob Shawn.

28. The Plaintiff was repeatedly called "buckwheat" by both Supervisors, along with his co-workers.

29. The Plaintiff also endured offensive racial jokes and comments daily throughout the nine years that he was employed by Central Decal Company, Inc.

30. The Plaintiff was the only African-American employee at Central Decal Company, Inc., for five of the nine years that he was employed.

31. The only other African-American Male that did work there for the Defendant finally quit due to the constant harassment and racial discrimination.

32. On or about October 8, 2015, the Plaintiff had attempted to apply for several promotion opportunities. Each time he applied, he was told, "You're a great fit for this promotion, and you'll definitely get the position".

33. Unfortunately, each time the Plaintiff was told this, he was passed over for a Caucasian Male. After many applications for promotions that the Plaintiff was qualified for, he was eventually told he was not allowed to apply for any more promotions, even though the Plaintiff

4

was still promised me a new position.

34. On or about June 6, 2022, another opportunity opened up for the Plaintiff to apply for, which he did and was again not promoted because of his race. The promotion was given to a Caucasian Male.

35. On or about August 12, 2022, the Plaintiff was asked, "are you marching for BLM?"

36. The Plaintiff's co-workers question him about every single shooting related to African-Americans that are on the nightly news and say things like, "It's your people that did those shootings last night" and, "Why aren't you protesting with BLM?"

37. On or about August 30, 2022, the Plaintiff finally had enough of the racial discrimination and blatant harassment, that he was constructively discharged from this employment.

38. The Plaintiff has been subjected to race-based harassment and discriminated on the basis of his race and as such, has been constructively discharged in violation of the Title VII of the Civil Rights Act of 1964, as amended.

## COUNT I
### Demand for Relief for Race-Based Discrimination in Violation of 42 U.S.C. Section 1981

39. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

40. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

41. Defendants' conduct against Plaintiff's race amounts to a pattern or practice of

systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

42. Plaintiff was subjected to and harmed by Defendants' systemic and individual discrimination.

43. Defendants' unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

44. Plaintiff demands this count be tried by a jury.

## COUNT II
**Race-Based Harassment in Violation of Title VII of
The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.**

45. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

46. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and harassed the Plaintiff on the basis of his race, Caucasian, and color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

47. Defendants knew or should have known of the harassment.

48. The race harassment was severe or pervasive.

49. The race harassment was offensive subjectively and objectively.

50. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his race, Caucasian and his color.

51. Defendants acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Demand for Relief for Retaliation
### in Violation of 42 U.S.C. §2000e, *et seq*.

52. Plaintiff repeats and re-alleges paragraphs 1-38 as if fully stated herein.

53. By virtue of the foregoing, Defendant retaliated against Plaintiff based on their reporting the race-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

54. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

55. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

56. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

57. Plaintiff demands that this count be tried by a jury.

58.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

      a. Back pay and benefits;

      b. Interest on back pay and benefits;

      c. Front pay and benefits;

      d. Compensatory damages for emotional pain and suffering;

      e. Pre-judgment and post-judgment interest;

      f. Injunctive relief;

      g.      Liquidated damages;

      h.      Punitive damages;

      i.      Reasonable attorney's fees and costs; and

      j.      For any other relief this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of March, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*